**Otto KUHN, Defendant-Appellant,**

v.

**UNITED STATES of America, Plaintiff-Appellee.**

**William Clyde DEMING, Defendant-Appellant,**

v.

**UNITED STATES of America. Plaintiff-Appellee.**

**Nos. 19030, 19101.**

United States Court of Appeals Sixth Circuit.

Sept. 11, 1969.

Arthur L. Brooks, Jr. (Court-appointed), Lexington, Ky., for appellant Kuhn.

William J. Dammarell, B. H. Berg, Cincinnati, Ohio, for appellant Deming.

Philip R. Michael and Robert D. Gary, Attys., Dept. of Justice, Washington, D. C., for appellee; Will Wilson, Asst. Atty. Gen., Edward T. Joyce, Robert D. Gary, Attys., Dept. of Justice, Washington, D. C., on brief.

Before PHILLIPS and CELEBREZZE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PHILLIPS, Circuit Judge.

Kuhn and Deming appeal from their convictions under 18 U.S.C. §§ 371 and 1952 on five counts of use of interstate telephone facilities for carrying on a business enterprise of gambling in viola-

tion of state law and one count of conspiracy so to carry on that business. They were found guilty on all counts.

All claims of error raised by appellant Deming have been dealt with in Deming v. United States, 415 F.2d 99. They will not be discussed further.

Appellant Kuhn raises the same issue under Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, as did Deming. We find no error with respect to the search warrant.

Kuhn also alleges that the District Court erred in permitting Special Agent Carrington, who testified as to the conduct of the gambling operation, to put dates on certain bet slips which were introduced into evidence. Appellant's theory is that this was done without introducing the documents from which Carrington determined the dates. However, while the chartbooks were not introduced, the racing forms which are the original form in which the information is published were introduced into evidence. Thus Kuhn had the opportunity to test the accuracy of Carrington's testimony by comparison to the documents on the basis of which he dated the bet slips. There was no error in permitting the dating of the bet slips.

Affirmed.

CELEBREZZE, Circuit Judge (dissenting).

I dissent for the reasons set forth in my dissenting opinion in DiPiazza v. United States and Deming v. United States, 415 F.2d 99. In my opinion, Government agents procured the search warrants against premises occupied by Deming and Kuhn through abuse of the administrative summons authorized under 26 U.S.C. § 7602 which resulted in a wrongful invasion of rights secured to

them under § 605 of the Communications Act, 47 U.S.C. § 605.

In January of 1966, I.R.S. special agents purporting to act under the authority spelled out by Congress in 26 U.S.C. § 7602 [1] summoned telephone company toll records for Deming's telephone numbers. These records disclosed calls from two telephones used by Deming to a telephone number in New Orleans, La., used by DiPiazza, and two telephone numbers used by Kuhn in Lexington, Kentucky. The agents then summoned telephone company toll records for Kuhn's Lexington numbers. These records showed a large number of calls going to Deming's two telephones. In June of 1966, on the basis of this lead, an I.R.S. special agent called Kuhn's Lexington telephone numbers and placed wagers with parties there. On July 22, 1966, Government agents obtained search warrants and simultaneously raided premises occupied by Deming and Kuhn. Appellants were convicted on the basis of the evidence seized in these raids.

Appellants moved to suppress the evidence seized. During the hearing on the motions, the I.R.S. special agent who was in charge of the investigation in these cases and led the raid against Deming's premises testified that he made his investigation "for the purpose of prosecution." In Reisman v. Caplin, 375 U.S. 440, 449, 84 S.Ct. 508, 513, 11 L.Ed.2d 459 (1964), however, the U.S. Supreme Court held that the § 7602 summons could not be used "for the improper purpose of obtaining evidence for use in a criminal prosecution." Consequently, I submit that the summons used by the Government to obtain Appellants' toll records were not "other lawful authority" within the meaning of § 605. Since I believe that the judgments should be reversed on this basis, I express no opinion regarding Appellants' contention

1. Section 7602 authorizes I.R.S. agents to summon records for these purposes: "[T]o ascertain[ing] the correctness of any return * * * where none has been made, determin[e] the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability * * *."

that the U.S. Supreme Court's decisions in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968) bar the introduction of the evidence seized during the raid of their premises.