DeLage Larry SMITH, Plaintiff-
Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 27980

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Dec. 17, 1969.

DeLage Larry Smith, pro se, appellant.

Charles L. Goodson, U. S. Atty., Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

This appeal is taken from the order of the district court denying the application of a federal convict for the writ of habeas corpus. We affirm.[1]

Appellant, acting without counsel, was convicted on his plea of guilty of violating 18 U.S.C. § 2113(a), entering a bank with intent to commit a felony. He was sentenced in the United States District Court for the Northern District of Mississippi, Delta Division, to fifteen years imprisonment.

Shortly after his conviction, appellant filed a motion to vacate sentence under 28 U.S.C. § 2255 in the trial court, contending that he was not guilty of the crime charged but was guilty only of larceny under 18 U.S.C. § 2113(b), which carries a maximum sentence of 10 years. The district court denied relief. This Court affirmed on appeal. Smith v. United States, 5th Cir. 1969, 273 F.2d 337.

Appellant has filed his petition for habeas corpus in the Northern District of Georgia, Atlanta Division, the district wherein he is presently incarcerated. In this petition he challenges the validity of his plea of guilty, an issue not previously presented to the sentencing court. Without looking into the merits of appellant's allegations, the court below denied the petition stating that the

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I [No. 27439, Oct. 7, 1969].

exclusive remedy for appellant is a motion to vacate sentence filed in the sentencing court pursuant to 28 U.S.C. § 2255.

 "Habeas corpus may not be resorted to unless it is made to appear that a motion under § 2255 'is inadequate or ineffective to test the legality of his detention,' 28 U.S.C.A. § 2255." Birchfield v. United States, 5th Cir. 1961, 296 F.2d 120; Wood v. Blackwell, 5th Cir. 1968, 402 F.2d 62, cert. denied 393 U.S. 1060, 89 S.Ct. 703, 21 L.Ed.2d 702; Accardi v. Blackwell, 5th Cir. 1969, 412 F.2d 911. Appellant has failed to show that a § 2255 motion would be ineffective or inadequate in this case. The judgment below is affirmed.

Affirmed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, Part I [No. 27439, Oct. 7, 1969].