**Otto KUHN, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 29899.**

United States Court of Appeals, Fifth Circuit.

Oct. 2, 1970.

Otto Kuhn, pro se.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Otto Kuhn, a federal prisoner confined in the United States Penitentiary at Atlanta, Georgia, appeals from the denial of his petition for a writ of habeas corpus by the United States Dis-

trict Court for the Northern District of Georgia. We affirm.[1]

Appellant was convicted in the United States District Court for the Southern District of Ohio of the use of interstate facilities to promote an illegal gambling enterprise, and conspiracy. He received a five-year suspended sentence, and was placed on probation. The judgment of conviction was affirmed. Kuhn v. United States, 6 Cir. 1969, 415 F.2d 111, and his application for certiorari is now pending in the Supreme Court. The appellant also filed a motion to vacate judgment and sentence pursuant to Title 28, U.S.C. § 2255, in his trial court challenging that court's jurisdiction to enter an order revoking his probation. The motion was denied.

■ Appellant has now attempted to relitigate the same issue in his petition for habeas corpus relief filed in the U.S. District Court for the Northern District of Georgia. Appellant is incarcerated in the U. S. Penitentiary, Atlanta, Georgia, within that district. The district court denied the petition, holding that appellant's proper remedy is a § 2255 motion filed in his sentencing court. We agree.

Section 2255, supra, provides the federal prisoner with a post-conviction remedy to test the legality of his detention by filing a motion to vacate judgment and sentence in his trial court. A federal prisoner may not challenge his conviction by means of habeas corpus unless and until he can show that filing a § 2255 motion in his trial court would be inadequate or ineffective. As the district court held, the appellant has not met the burden of proof in this case. Smith v. United States, 5 Cir. 1969, 421 F.2d 150; Accardi v. Blackwell, 5 Cir. 1969, 412 F.2d 911; Birchfield v. United States, 5 Cir. 1961, 296 F.2d 120.

The judgment of the district court is Affirmed.

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's Local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.