444 F.2d 536
 Owen Maxwell FRYE, Petitioner-Appellant,
v.
J. J. CLARK, Warden, Respondent-Appellee.
No. 71-1693 Summary Calendar.*
*(1) Rule 18, 5 Cir., Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 June 24, 1971.
 
 Owen Maxwell Frye, pro se.
 John W. Stokes, Jr., U.S. Atty., Charles A. Pannell, Jr., Atlanta, Ga., Asst. U.S. Atty., for appellee.
 Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The court below denied Frye's petition for habeas corpus and he appeals. We affirm the judgment below.
 
 
 2
 The appellant, an inmate in the United States Penitentiary at Atlanta, Georgia, is confined by virtue of one sentence imposed by the United States District Court for the District of Maryland and another imposed by the United States District Court for the Southern District of West Virginia. His petition in the court below sought vacation of his convictions and sentences on grounds that his respective sentencing courts denied him transcripts of the proceedings before them. He contended that he was entitled to attack his convictions collaterally in the district court for the district where he was imprisoned, rather than in his sentencing courts, 'to eliminate duplication of effort', and because these courts have already refused to provide him with the transcripts.
 
 
 3
 The lower court ruled that the merits of the appellant's habeas petition should not be adjudicated by it because appellant failed to show that remedies available to him before his two sentencing courts were inadequate or ineffective. The fact that those courts denied his motions for the transcripts does not render his remedy provided by Title 28 U.S.C., 2255 inadequate or ineffective, or permit the Georgia district court to act as an appellate court with respect to those rulings. Craft v. United States, 5 Cir. 1970, 433 F.2d 981; Kuhn v. United States, 5 Cir. 1970, 432 F.2d 82; Walker v. United States, 5 Cir. 1970, 429 F.2d 1301.
 
 
 4
 The court below was correct in dismissing Frye's petition for habeas relief.
 
 
 5
 Affirmed.