**D. L. BIRCHFIELD, Appellant,**

v.

**UNITED STATES of America, and David M. Heritage, Warden, Etc., Appellees.**

No. 18892.

United States Court of Appeals
Fifth Circuit.

Nov. 17, 1961.

D. L. Birchfield, in pro. per.

Charles D. Read, Jr., U. S. Atty., Robt. G. Hunt, Allen L. Chancey, Jr., Asst. U. S. Attys., Atlanta, Ga., for appellees.

Before BROWN, GEWIN and BELL, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

This is an appeal from a denial of a writ of habeas corpus. Petitioner is currently in custody under three sentences entered in May 1947 in United States District Court for the Western District of North Carolina. The sentences, expressly made consecutive in nature, were 20 years for armed robbery of a bank, 12 U.S.C.A. § 588b,[1] 5 years for transportation of a stolen automobile, 18 U.S.C.A. § 408,[2] and 5 years for transportation of stolen money, 18 U.S.C.A. §§ 413–419.[3]

▮▮ The petition, read as it must be with a lenient regard for the technical deficiencies of these papers drawn without legal assistance, asserts three primary contentions. The first two, relating to the sufficiency of the indictment for armed robbery and the accumulation of the total time to be served through the entry of the three sentences, present no substantial question on this record even though it might be assumed that they may be proper subjects for habeas corpus and not § 2255. Cf. Gardner v. United States, 5 Cir. 1960, 274 F.2d 380. But the third complaint is of great seriousness. It is the charge that petitioner's counsel was in a duplicitous position so that petitioner did not have counsel of competence and unquestioned fidelity. This, it asserts, vitiates the plea of guilty entered on the advice of such counsel.

His petition with annexed exhibits which include what purports to be excerpts from a stenographic record made in a habeas corpus hearing conducted in the Northern District of Georgia in June 1948, the file of which apparently cannot be identified or now located, reveals a disturbing situation. It shows that prior to the making of the pleas of guilty in 1947, his counsel declined to act further unless some payment of his fee for defending petitioner and another co-defendant was made. In this situation an arrangement was then made by which the bank (which had been robbed) and the bonding company of the bank agreed to pay the $1,000 fee in behalf of petitioner and his co-defendant provided each of them would cooperate in giving full information through their attorney especially in identifying, tracing and recovering the stolen property.

It is not clear whether petitioner was aware of this, or if he was, whether he understood its consequences or full implications. The trial judge was, however, informed of it in chambers immediately prior to the arraignment at which time a plea of guilty was entered on counsel's statement that, in substance, he could not conscientiously take the court's time in the trial of cases having no defense. The fact of their cooperation with the bank and the bank's bond-

1. Now 18 U.S.C.A. § 2113.

2. Now 18 U.S.C.A. § 2312.

3. Now 18 U.S.C.A. § 2314.

**122**

ing company in the recovery of property was aggressively urged by counsel in extenuation. In this petitioner's counsel was joined by an attorney for the bank and its surety suggesting a five-year reduction of sentence because of this cooperation. Nothing was said on the record, of course, that it was the expectation and hope of such cooperation that led the bank and its surety to promise to pay the fee for counsel's defense of petitioner.

■ Serious as this most certainly is and warranting, as it assuredly does, an appropriate inquiry into the full facts as they bear upon the constitutionally imperative right to counsel and the requirement that the plea of guilty be knowingly made, habeas corpus is not here the remedy. Habeas corpus may not be resorted to unless it is made to appear that a motion under § 2255 "is inadequate or ineffective to test the legality of his detention," 28 U.S.C.A. § 2255. The assertions made here present, of course, a classic case of the situation envisaged by § 2255. Lampe v. Clemmer, 4 Cir., 1958, 251 F.2d 465, cert. den. 356 U.S. 944, 78 S.Ct. 791, 2 L.Ed. 2d 820; Neigut v. Kearney, 5 Cir., 1955, 221 F.2d 803, cert. den., 350 U.S. 939, 76 S.Ct. 311, 100 L.Ed. 819; Overman v. Wilkinson, 5 Cir., 1958, 256 F.2d 58, cert. den., 358 U.S. 887, 79 S.Ct. 129, 3 L.Ed.2d 115; Smith v. Reid, D.C.Cir., 1951, 89 U.S.App.D.C. 272, 191 F.2d 491. The fact that at least two proceedings under § 2255 have previously been filed, and that after hearings the sentencing court has denied them on the merits does not itself establish the inadequacy of the remedy so as to permit habeas corpus.

■■ Neither of these post conviction procedures is subject to res judicata as such. Salinger v. Loisel, 1924, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989; Owens v. United States, 5 Cir., 1949, 174 F.2d 469; Collins v. United States, 8 Cir., 1953, 206 F.2d 918; Hamilton v. Wilkinson, 5 Cir., 1959, 271 F.2d 278; cf. Gebhart v. Hunter, 10 Cir., 1950, 184 F.2d 644. Consequently, even though

the petitioner may have presented this contention to the sentencing court on previous occasions, he is free to assert it again. We have no doubt that the District Court for the Western District of North Carolina will accord a full and fair hearing and, if appropriate, a right of appeal to the Fourth Circuit in the event that its decision on the merits is adverse to petitioners.

Denial of the petition for writ of habeas corpus, though in no way an adjudication of the merits, was therefore correct.

Affirmed.