Charles F. WAUGAMAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21077.

United States Court of Appeals Fifth Circuit.

April 27, 1964.

John V. Skinner, Jr., Charles M. Kidd, Atlanta, Ga., for appellant.

Charles L. Goodson, U. S. Atty., Gus L. Wood, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE, Chief Judge, and POPE * and BROWN, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

This is an appeal in *forma pauperis,* pursuant to leave granted by the District Judge, from the denial of an application for writ of habeas corpus addressed to the Warden of the Atlanta Penitentiary where Appellant is confined under sentence of the United States District Court for the Southern District of Ohio.

■ The petitions[1] are met at the outset with 28 U.S.C.A. § 2255 which provides that a federal prisoner may not proceed by application for writ of habeas corpus unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C.A. § 2255. To overcome this obstacle, several theories are advanced in the vigorous, professionally skilled arguments of appointed counsel whose assistance the Court gratefully acknowledges. But the principal contention is that Appellant's remedy by motion is ineffective because he was unsuccessful in his earlier § 2255 motion since it was denied by the sentencing Court.[2]

The record does not contain a copy of the § 2255 motion, so we do not actually know what grounds were there alleged, or with what factual particularity they were set forth. However, Appellant in these petitions now asserts ·in very· plain and positive terms, ·in sufficient factual detail, two contentions why his conviction. should be set aside.

■ First, he asserts that the delay of some 2½ years between indictment for bank robbery in November 1959 and trial in May 1962 amounted to a denial of his *right to a speedy trial* guaranteed by the Sixth Amendment even though the period from September 1960 to December 1961 was consumed in the trial, conviction, and successful· (for him) appeal of a case charging conspiracy to escape and attempted escape from federal custody.[3] Appellant's counsel make a persuasive argument that there is substantial merit to this contention. Although courts recognize that the test in this area cannot be a mechanical one, there is nothing very speedy about a trial occurring 2½ years after indictment. E. g., United States v. McWilliams, D.D.C., 1946, 69 F.Supp. 812, aff'd, 82 U.S.App.D.C. 259, 1947, 163 F.2d 695. Likewise, they emphasize that it is generally true that a defendant's right to a speedy trial is not affected by the fact that he is incarcerated in jail on another charge or conviction.

---

* Of the Ninth Circuit, sitting by designation.

1. Appellant urges on several theories that the petitions in an earlier habeas corpus proceeding (No. 8496, denied July 1963) and the petition in the proceeding below (No. 8598, denied November 7, 1963) are before this Court on appeal. To the extent that the matters set forth in the earlier petition are not technically before us on appeal, the papers are treated as a petition addressed to us as Circuit Judges, 28 U.S.C.A. § 2241.

2. The § 2255 motion was denied presumably without hearing on February 27, 1963. The Court of Appeals for the Sixth Circuit denied leave to appeal in forma pauperis by unpublished order dated April 24, 1963.

3. Appellant was arrested in Beaumont, Texas, in September 1959 and extradited to Ohio in October after which he was indicted in November 1959 for robbery of an FDIC-insured bank in Yorkville, Ohio. He was placed in the federal section of the Columbus, Ohio City Prison. He escaped in July 1960, was recaptured and, in September-October of that same year, tried and convicted of attempted escape and conspiracy to escape. The conviction was reversed from the bench in December 1961 and by formal opinion of March 14, 1962, because Appellant was denied a fair trial. United States v. Koenig, 6 Cir., 1962, 300 F.2d 377. During all of this time, by numerous motions at least one of which he alleges was never acted upon, he asserted his right to a speedy trial on the robbery indictment. He was finally brought to trial in May of 1962.

United States ex rel. Coleman v. Cox, 5 Cir., 1931, 47 F.2d 988; United States ex rel. Whitaker v. Henning, 9 Cir., 1926, 15 F.2d 760; Frankel v. Woodrough, 8 Cir., 1925, 7 F.2d 796. The Government suggests that the trial was delayed partly because of the collateral proceedings in this Circuit involving a motion by a co-defendant to suppress certain evidence. United States v. Koenig, 5 Cir., 1961, 290 F.2d 166, aff'd, 1962, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614. But the fact remains that it took the Government some 2½ years to bring Appellant, who apparently was at most indirectly involved with the suppression proceedings, to trial.

Second, Appellant contends that the plea of guilty made some time on the third day of the belated 1962 trial was involuntarily made because induced by and the result of an arrangement between his counsel and counsel for the Government, and only part of which "bargain" was kept. Under the arrangement, which he asserts was entered with the full, active knowledge and consent of the sentencing Judge, he was to plead guilty to one count of conspiracy to escape federal custody and one count of conspiracy to rob a FDIC-insured bank, 18 U.S.C.A. § 751. In return, the Judge was to sentence him to five years on each count, the sentences to run concurrently, and the Government was to dismiss the escape and robbery charges. Finally, Appellant was to receive credit on his sentence for the 2½ years that he had already spent in prison. This latter was to be accomplished by a motion for reduction of sentence under F.R.Crim.P. 35. The papers show that Appellant did plead guilty to the conspiracy counts, that the sentence imposed was five years on each count, the sentences to run concurrently, and that the Government did dismiss the other charges. However, the motion for reduction of sentence was denied. Again, counsel argue with considerable force that under these circumstances a serious question relating to the voluntariness of Appellant's plea is raised. See, Shelton v. United States, 5 Cir., 1957, 242 F.2d 101, reversed en banc, 5 Cir., 1957, 246 F.2d 571, reversed, 1958, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579.

As a third ground which we only briefly mention, Appellant suggests that it was error for the sentencing Judge to pass upon the § 2255 motion (see note 2, supra) since he was a material witness to any arrangement of the sort alleged by Appellant.

Of course we have no way of knowing from the present papers—inartfully drawn as they were by an indigent prisoner, uneducated and uninformed in the ways of the law—whether these allegations were either set out at all or set out with sufficient factual detail in the § 2255 motion before the sentencing Court. But if and when they are presented with sufficient factual particularity, we are confident that the Southern District of Ohio and if necessary on appeal, the Court of Appeals for the Sixth Circuit, would take cognizance of two things. First, grounds one and two present serious charges of a character which go to the fundamental fairness of the proceeding and are therefore within the scope and compass of § 2255. Second, grounds one and two are in all likelihood the kind of things that cannot be resolved conclusively from the files and records of the case. As a result, a factual hearing would be necessary with the Appellant present. Machibroda v. United States, 1962, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. There is, therefore, every assurance that the sentencing Court and the Sixth Circuit will accord the hearing which the law requires and will grant the relief which the circumstances justify.

These eventualities will again demonstrate the soundness of the decisions of this and other Courts that previous lack of success does not render the remedy by motion under § 2255 inadequate or ineffective. Birchfield v. United States, 5 Cir., 1962, 296 F.2d 120; Adam

v. Hagan, 5 Cir., 1963, 325 F.2d 719; Smith v. Settle, 8 Cir., 1962, 302 F.2d 142. Denial of habeas corpus was therefore correct.

Affirmed.