**Willard Wilson WOOD, Appellant,**

v.

**Olin G. BLACKWELL, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.**

**No. 26348.**

United States Court of Appeals
Fifth Circuit.

Oct. 24, 1968.

Certiorari Denied Jan. 13, 1969.

Willard Wilson Wood, pro se.

Charles L. Goodson, U. S. Atty., Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before DYER and SIMPSON, Circuit Judges, and CABOT, District Judge.

PER CURIAM:

Appellant was convicted after trial by jury in the District of New Mexico on four counts charging forgery of the endorsement of the payee's name on a United States Treasury check. Upon appeal his conviction was affirmed in Wood v. United States, 10 Cir. 1966, 357 F.2d 425. Appellant, presently incarcerated in the United States Penitentiary at Atlanta, Georgia, petitioned the district court for the Northern District of Georgia for a writ of habeas corpus. That court denied the writ and appellant seeks reversal of that denial.

■■ Habeas corpus is not a substitute for a motion pursuant to 28 U.S.C. § 2255. "Habeas corpus may not be resorted to unless it is made to appear that a motion under § 2255 'is inadequate or ineffective to test the legality of his detention,' 28 U.S.C.A. § 2255." Birchfield v. United States, 5 Cir. 1961, 296 F.2d 120.

■ In his brief appellant asserts that he has been denied § 2255 relief by the New Mexico district court, and that the Tenth Circuit has affirmed such denial. We find no published report of either proceeding. But this need not concern us here. Either the proper court has already disposed of his contentions adversely to him, or he still has the right to raise those questions by motion under § 2255 in his trial court. In either case the district court below correctly ruled that no relief could be sought there because of lack of standing.

The denial below of the petition for writ of habeas corpus was in no way an adjudication of the merits. It was correct and is

Affirmed.