Settimo (Sam) ACCARDI, Plaintiff-Appellant,

v.

Olin G. BLACKWELL, Warden, United States Penitentiary, Atlanta, Georgia, Defendant-Appellee.

Sam ACCARDI, Plaintiff-Appellant,

v.

DIRECTOR, UNITED STATES BUREAU OF PRISONS, Defendant-Appellee.

Nos. 26920, 27012

Summary Calendar.

United States Court of Appeals Fifth Circuit.

June 11, 1969.

912

Settimo (Sam) Accardi, pro se.

Charles L. Goodson, United States Atty., Theodore E. Smith, Asst. U. S. Atty., for appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GOLDBERG, Circuit Judge:

The questions presented by these two consolidated appeals are whether the district court properly denied the appellant's motions for correction of sentence and for a writ of habeas corpus. We find no error and affirm.[1]

The appellant, Settimo (Sam) Accardi, was convicted in the United States District Court for the Southern District of New York for violations of federal narcotics laws. For these offenses he was sentenced to serve three prison sentences, each of five years. Upon direct appeal, the judgment was affirmed. Accardi v. United States, 2 Cir. 1965, 342 F.2d 697, cert. denied, 382 U.S. 954, 86 S.Ct. 426, 15 L.Ed.2d 359. He then sought post conviction relief under 28 U.S.C.A. § 2255 (1959). The district court refused to grant the requested relief and its judgment was affirmed. Accardi v. United States, 2 Cir.1967, 379 F.2d 312.

1. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804.

Accardi is presently confined in the United States Penitentiary in Atlanta, Georgia.

In his petition for correction of sentence, Accardi argues that the pronouncement of sentence by the federal district court in New York is ambiguous and in need of correction with respect to the manner of computing the length of his sentence. He contends that the prison authorities should be directed to recompute his sentence so that one of his three five-year sentences would run concurrently with one of the other two sentences. He maintains that the sentencing court, when it orally pronounced sentence, stated that the sentence in question was to run concurrently and that the court erred when it entered in the official court record the notation that this sentence was to run consecutively to the other two. Without passing on the merits of Accardi's allegation, we find that the denial of relief by the court below was correct. We base our holding on the ground that the district court below had no power to correct the supposed clerical error. Correction of clerical errors of the nature alleged in this case, which is provided for in Fed.R.Crim.P. 36,[2] is available *only* in the sentencing court. See Chapman v. United States, 6 Cir.1957, 247 F.2d 879, 881, cert. denied, 356 U.S. 945, 78 S.Ct. 791, 2 L.Ed.2d 820. We find strong support for our holding in Justice Cardozo's opinion in Hill v. United States ex rel. Wampler, 1936, 298 U.S. 460, 56 S.Ct. 760, 762, 80 L.Ed. 1283, 1286–1287:

"Two of the questions certified to us * * * make mention of a variance between the commitment and the sentence 'orally pronounced.' If that were the only variance, we should deem it unimportant. The only sentence known to the law is the sentence or judgment entered upon the records

of the court. [Cases cited]. If the entry is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth. [Cases cited]. But the judgment imports verity when collaterally assailed. * * * *Until corrected in a direct proceeding, it says what it was meant to say, and this by an irrebuttable presumption. In any collateral inquiry, a court will close its ears to a suggestion that the sentence entered in the minutes is something other than the authentic expression of the sentence of the judge."* [Emphasis added].

We also find that Accardi's petition for a writ of habeas corpus was properly denied. Since Accardi is a federal prisoner, his primary post conviction remedy is a motion brought in the sentencing court to vacate judgment and sentence pursuant to 28 U.S.C.A. § 2255 (1959), and his access to the federal courts via habeas corpus is very limited. United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. Habeas corpus is not available to a federal prisoner unless the § 2255 procedure is shown to be inadequate or ineffective in his particular case. *Id.* This is the command of the seventh paragraph of § 2255, which provides:

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

See also Waugaman v. United States, 5 Cir.1964, 331 F.2d 189.

---

2. Fed.R.Crim.P. 36 (1961) provides:
   "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." See generally 8A Moore's Federal Practice ¶ 36 (1969).

■ Although Accardi's habeas corpus petition raises some serious constitutional questions, we find nothing in either his petition or the record which convincingly shows that he does not have an adequate remedy under § 2255. A federal prisoner seeking habeas corpus relief has the difficult burden of coming forward with evidence which affirmatively shows the ineffectiveness of the § 2255 relief in his case, and he cannot satisfy this requirement by merely showing that his previous § 2255 petition was unsuccessful. Accardi has not presented us with the necessary affirmative evidence. The words of Chief Judge Brown in Birchfield v. United States, 5 Cir.1961, 296 F.2d 120, 122, echo in a clear voice our view of this case:

> "Serious as this most certainly is and warranting, as it assuredly does, an appropriate inquiry into the full facts as they bear upon the constitutionally imperative right to counsel and the requirement that the plea of guilty be knowingly made, habeas corpus is not here the remedy. Habeas corpus may not be resorted to unless it is made to appear that a motion under § 2255 'is inadequate or ineffective to test the legality of his detention,' 28 U.S.C.A. § 2255.

> \*   \*   \*   \*   \*   \*

The fact that at least two proceedings under § 2255 have previously been filed, and that after hearings the sentencing court has denied them on the merits does not itself establish the inadequacy of the remedy so as to permit habeas corpus.

> "Neither of these post conviction procedures is subject to res judicata as such. [Cases cited]. Consequently, even though the petitioner may have presented this contention to the sentencing court on previous occasions, he is free to assert it again. We have no doubt that the District Court for the Western District of North Carolina will accord a full and fair hearing and, if appropriate, a right of appeal to the Fourth Circuit in the event that its decision on the merits is adverse to petitioners.

> "Denial of the petition for writ of habeas corpus, though in no way an adjudication of the merits, was therefore correct."

The Birchfield decision was recently reaffirmed by this Court in Cachoian v. Blackwell, 5 Cir.1968, 390 F.2d 654, cert. den., 392 U.S. 946, 88 S.Ct. 2318, 20 L.Ed.2d 1408, a case which is factually identical to the case sub judice:

> "Appellant, a federal prisoner presently confined in the federal penitentiary at Atlanta, Georgia, has attempted to use the vehicle of habeas corpus to attack a federal conviction imposed by the United States District Court for the Southern District of New York for the offense of possession of heroin in violation of 21 U.S.C.A. §§ 173 and 174. His conviction was affirmed on appeal. United States v. Cachoian, 2 Cir., 1966, 364 F.2d 291.

> "His proper remedy is a motion to vacate judgment pursuant to 28 U.S.C.A. § 2255 filed in the sentencing court. Waugaman v. United States, 5 Cir., 1964, 331 F.2d 189; Birchfield v. United States, 5 Cir., 1961, 296 F. 2d 120.

> "The judgment of the District Court which denied the petition for writ of habeas corpus is due to be and it is affirmed on this ground."

■ The § 2255 remedy is available *only* in the court in which the prisoner was sentenced. Accardi's remedy would therefore lie in the Southern District of New York where he was sentenced and not in the Northern District of Georgia where he is confined. *Cf.* Clark v. Memolo, 1949, 85 U.S.App.D.C. 65, 174 F.2d 978. Consequently, neither we nor the court below would be able to give Accardi the requested relief even if we gave his papers the customary liberal

construction and treated them as a § 2255 motion.

We hold that Accardi's petitions for correction of sentence and for a writ of habeas corpus were properly denied.

Affirmed.