**Ulysses WALKER, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 28882**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 11, 1970.

[redacted]

1. Pursuant to Rule 18 this case is decided without oral argument.

**1302**

Ulysses Walker, pro se.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

1. Pursuant to our Rule 18 this case is decided without oral argument.

2. United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Lenhardt v. United States, 5 Cir. 1969, 416 F. 2d 1254; Accardi v. Blackwell, 5 Cir. 1969, 412 F.2d 911; Wood v. Blackwell,

PER CURIAM:

Ulysses Walker, a federal prisoner confined in the United States Penitentiary at Atlanta, Georgia, appeals from the denial of his petition for a writ of habeas corpus in the United States District Court for the Northern District of Georgia. We affirm.[1]

Walker was convicted in the District Court for the Southern District of Florida on four counts charging narcotics violations. His direct appeal to this court was unsuccessful. Walker v. United States, 5 Cir. 1968, 397 F.2d 789, cert. denied, 394 U.S. 962, 89 S.Ct. 1311, 22 L.Ed.2d 563. He subsequently filed in the trial court a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The motion was denied, and no appeal was taken.

Walker's next move was to file the petition now before us—a petition for habeas corpus in the Northern District of Georgia, the district in which he is incarcerated. In his petition Walker questioned the admissibility of certain evidence adduced at his trial. The district court denied the petition, ruling that the proper procedure for raising the issue is a § 2255 motion filed in the sentencing court.

The district court's ruling is clearly correct. A federal prisoner's primary post-conviction remedy is a § 2255 motion filed in the sentencing court rather than a petition for habeas corpus filed in the district of confinement.[2] Section 2255 commands federal district courts to refuse to entertain a habeas corpus petition from a federal prisoner unless it appears that the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." As this court

5 Cir. 1968, 402 F.2d 62, cert. denied, 393 U.S. 1060, 89 S.Ct. 703, 21 L.Ed.2d 702; Cachoian v. Blackwell, 5 Cir. 1968, 390 F.2d 654, cert. denied, 392 U.S. 946, 88 S.Ct. 2318, 20 L.Ed.2d 1408; Waugaman v. United States, 5 Cir. 1964, 331 F.2d 189; Birchfield v. United States, 5 Cir. 1961, 296 F.2d 120.

said in Accardi v. Blackwell, 5 Cir. 1969, 412 F.2d 911, 914, "A federal prisoner seeking habeas corpus relief has the difficult burden of coming forward with evidence which affirmatively shows the ineffectiveness of the § 2255 relief in his case, and he cannot satisfy this requirement by merely showing that his previous § 2255 petition was unsuccessful." Walker has failed to produce any such affirmative evidence.

The district court's denial of the petition, which was in no way an adjudication on the merits, is affirmed.