Marvin Spencer **JOHNSON**, Petitioner-Appellant,

v.

**UNITED STATES of America,** Respondent-Appellee.

No. 71-1154

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 26, 1971.

Marvin S. Johnson, pro se.

Seagal V. Wheatley, U. S. Atty., San Antonio, Tex., Victor K. Sizemore, Asst. U. S. Atty., El Paso, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Marvin Spencer Johnson, a federal prisoner, appeals from the District Court's dismissal of his petition for habeas corpus. The court below held that appellant's proper remedy would be a motion to vacate judgment and sentence, 28 U.S.C. § 2255, filed in Johnson's sentencing court, the United States District Court for the District of Wyoming. We affirm.

Johnson was convicted of violating 18 U.S.C. § 495. The District Court for the District of Wyoming sentenced him to a four year prison term, and he was sent to the La Tuna Federal Correctional Institution at Anthony, New Mexico-Texas.

After serving some six months of his sentence, Johnson filed in the Court of Appeals for the Tenth Circuit a self-drawn "Writ of Habeas Corpus to Vacate and Sat (sic) Aside Sentence." The Tenth Circuit treated this document as a petition for writ of habeas corpus and transferred it to the District Court for the District of New Mexico. That court, however, did not have jurisdiction to consider a habeas corpus petition, since Johnson was actually being held in Texas.[1] The New Mexico District Court returned Johnson's petition to the Tenth Circuit.

The Tenth Circuit then transferred Johnson's petition to the District Court for the Western District of Texas. The original petition, and some exhibits, which apparently had been attached to it, were lost in transmittal.

On the basis of the record presented to it, the Texas District Court held that the petition for writ of habeas corpus should be dismissed. Johnson had not made the required showing that a motion under 28

---

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. The city of Anthony sits on the New Mexico-Texas border. Though the city itself is in New Mexico, the federal prison is located across the Texas line.

U.S.C. § 2255 would be inadequate or ineffective to test the legality of his detention.

 The ruling of the District Court was clearly correct. Craft v. United States, 433 F.2d 981 (5th Cir. 1970); Accardi v. Blackwell, 412 F.2d 911 (5th Cir. 1969); Birchfield v. United States, 296 F.2d 120 (5th Cir. 1961). Nevertheless, we note that Johnson has never had his case for post-conviction relief heard on its merits. Our decision is in no way intended to preclude Johnson from filing a properly designated § 2255 motion in the District Court for the District of Wyoming.

Affirmed.