Jerry W. OWENSBY, Petitioner-Appellant,

v.

J. J. CLARK, Warden, Respondent-Appellee.

No. 71–1944

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 15, 1971.

---

* ■ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Jerry W. Owensby, pro se.

John W. Stokes, Jr., U. S. Atty., Anthony M. Arnold, Eugene A. Medori, Jr., Asst. U. S. Attys., Atlanta, Ga., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

WISDOM, Circuit Judge:

On October 25, 1963, the United States District Court for the Western District of Oklahoma sentenced Jerry W. Owensby on four charges of violation of the Dyer Act, 18 U.S.C. § 2312, to which he had previously entered pleas of guilty. One charge originated in Oklahoma, No. 63–154; one in South Carolina, No. 63–175; one in Alabama, No. 63–229; and another in Florida, No. 63–237. The latter three cases had been transferred to the Western District of Oklahoma pursuant to Rule 20, F.R.Cr. P. The court imposed the following sentences: five years on case No. 63–154; five years on case No. 63–175, to run consecutively to the sentence imposed in No. 63–154; five years on case No. 63–229, to run consecutively to the sentences imposed in Nos. 63–154 and 63–175; and five years on case No. 63–237, to run concurrently with the sentence imposed in No. 63–229. Thus Owensby received cumulative sentences on October 25, 1963, of fifteen years.

After Owensby had been sentenced, the court discovered that he had failed to sign his guilty plea in case No. 63–154. He was returned to court on October 28, 1963, for that purpose. The court accepted Owensby's guilty plea in No. 63–154 and sentenced him to five years on that count. It repeated the sentences on the remaining three charges which had been pronounced on October 25, 1963.

In 1967 Owensby filed a motion in his sentencing court under Rule 36, F.R.Cr. P., seeking to have clerical errors in his sentencing proceedings corrected. The district court denied the motion, and Owensby appealed to the Tenth Circuit Court of Appeals. That court held that on October 25, 1963, the district court had imposed valid sentences in Nos. 63–175, 63–229, and 63–237; but that the sentence entered in No. 63–154 was invalid because Owensby had failed to sign the guilty plea. It further held that the district court's sentence in No. 63–154 imposed three days later was valid, but that the three other sentences entered that day were void because the previous sentences in those cases had been valid. The Court of Appeals also held that since on October 28, 1963, the district court failed to state whether the sentence in No. 63–154 was to be concurrent or consecutive, it must be deemed to run concurrently with the other sentences. Therefore, the court reversed the lower court's denial of relief and remanded the case "with directions to correct the commitment accordingly." Owensby v. United States, 10 Cir. 1967, 385 F.2d 58.

On remand the district court vacated Owensby's sentence in No. 63–175 rather than that in No. 63–154 as the court had ordered; and resentenced him in No. 63–175 to five years running concurrently with his sentence in No. 63–154. Thereafter, Owensby, who was confined at the United States Penitentiary at Atlanta, Georgia, filed a petition for ha-

beas corpus relief in the United States District Court for the Northern District of Georgia, alleging that he should only be required to serve a total of five years on all of the sentences. He contended that his sentence in No. 63–175 had been reversed when the district court in Oklahoma changed his commitment on it upon remand from the Court of Appeals, and that his sentences on the other three charges were to be served concurrently (the court of appeals having ruled that the sentence in No. 63–154 would be deemed to run concurrently).

After conducting a hearing, the court below denied Owensby's petition for habeas corpus, holding that the district court in Oklahoma did not have jurisdiction to change the appellant's sentence in No. 63–175. The court further held that "the correct construction of petitioner's sentences is that he is to serve five years on No. 63–175, with No. 63–229 imposing five years consecutively to No. 63–175. No. 63–154 imposes five years, to be served concurrently with No. 63–175, and No. 63–237, by the terms of the district court's order of October 25, 1963, imposes a 5-year sentence, to be served concurrently with No. 63–229." From this ruling Owensby appeals to this Court.

■ We vacate the judgment of the district court. Under 28 U.S.C. § 2255, a federal prisoner's first recourse is to the court which sentenced him if he claims the right to be released "upon the ground that the sentence was imposed in violation of the * * * laws of the United States or that the court was without jurisdiction to impose such sentence * * * or that the sentence * * * is otherwise subject to collateral attack." Owensby's objection to his sentencing by the Oklahoma district court centers upon that court's failure to follow the mandate of the Tenth Circuit to resentence Owensby on No. 63–154, though it is true that Owensby simultaneously insists upon the power of the Oklahoma district court to adjust his sentence in No. 63–175 when that sentence had been affirmed by the Tenth Circuit. The Supreme Court has long held that "an inferior court has no power or authority to deviate from the mandate issued by an appellate court." See Briggs v. Pennsylvania RR Co., 1948, 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403, 1405, and cases cited. The alleged defect in Owensby's sentence is therefore properly described either as a jurisdictional failure in the sentencing district court or as a violation of the law of the United States which creates the United States Courts of Appeals and establishes their binding appellate jurisdiction over federal district courts. 28 U.S.C. § 1291.

Since Owensby has made no showing that his remedies under 28 U.S.C. § 2255 are "inadequate or ineffective to test the legality of his detention," the federal district court in Georgia had no jurisdiction to consider Owensby's petition for a writ of habeas corpus.[1] Owensby must move the district court for the Western District of Oklahoma to correct his sentence under 28 U.S.C. § 2255. If he fails to secure the relief he seeks, his proper appeal will lie to the United States Court of Appeals for the Tenth Circuit. Of course we intimate no view of the merits of Owensby's contentions in thus mapping out the course of his future efforts.

At the core of our decision here is the underlying question of the legality of Owensby's sentencing. One of the key reasons for the enactment of § 2255 was to return such questions to the district courts where they may have arisen, rather than impose vast numbers of such collateral attacks upon distant jurisdictions where federal prisoners happen to be confined. The more mechanical, essentially administrative provisions of 18 U.S.C. § 3568, regarding com-

1. Johnson v. United States, 5 Cir. 1971, 447 F.2d 516 [1971]; Kuhn v. United States, 5 Cir. 1970, 432 F.2d 82; Craft v. United States, 5 Cir. 1970, 433 F.2d 981; Accardi v. Blackwell, 5 Cir. 1969, 412 F.2d 911; Birchfield v. United States, 5 Cir. 1961, 296 F.2d 120.

mencement of sentence and credit for time served, do vest jurisdiction in the federal district court of the jurisdiction of confinement. But 18 U.S.C. § 3568 cannot be allowed to vitiate 28 U.S.C. § 2255 when the initial legality of a federal sentence is at stake as it is here.

For these reasons the order appealed from must be vacated and the case remanded with directions to dismiss the petition.

Vacated and remanded.