Sam LANE, Jr., Petitioner-Appellant,

v.

Jack A. HANBERRY, Warden, U. S. Penitentiary, Respondent-Appellee.

No. 79–1048
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 29, 1979.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Sam Lane, Jr., pro se.

William L. Harper, U. S. Atty., Oliver B. Dickins, Jr., Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

GOLDBERG, Circuit Judge:

Sam Lane, Jr., a federal prisoner in the United States Penitentiary in Atlanta, appeals from the denial of his petition for habeas corpus relief under 28 U.S.C.A. § 2241 in the United States District Court for the Northern District of Georgia. He contends that there was a variance between the crime alleged in his indictment and the crime charged to the jury and that this variance was in violation of his constitutional right to due process under the Fifth Amendment. The district court treated appellant's petition as a motion to vacate sentence under 28 U.S.C. § 2255 and denied it on the ground that either the issue presented was the same that appellant had raised in a previous § 2255 motion so that he was barred from raising it again or, if a new issue were raised, it must be presented to the sentencing court in the Middle District of Georgia. We hold that appellant has incorrectly sought relief under the habeas corpus provisions of 28 U.S.C.A. § 2241 and that, whether he now seeks to litigate a new issue or to relitigate the issue raised in his § 2255 motion, the proper method of proceeding is to file a § 2255 motion in the sentencing court.

In enacting § 2255, Congress sought to provide in the sentencing court a more convenient forum for the litigation of collateral attacks upon sentences than was available by means of the habeas corpus jurisdiction of the districts of incarceration. *United States v. Hayman,* 342 U.S. 205, 72 S.Ct. 263, 268–269, 96 L.Ed. 232 (1952). The provision has consistently been construed to be the primary means of post-conviction relief for prisoners, allowing resort to habeas corpus only when it appears that the remedy under § 2255 will be "ineffective or inadequate."[1] *See Johnson v. United States,* 447 F.2d 516, 517 (5th Cir. 1971); *Craft v. United States,* 433 F.2d 981 (5th Cir. 1970), *cert. denied,* 401 U.S. 957, 91 S.Ct. 983, 28 L.Ed.2d 241 (1970); *Walker v. United States,* 429 F.2d 1301, 1302–1303 (5th Cir. 1970); *Accardi v. Blackwell,* 412 F.2d 911, 913–914 (5th Cir. 1969); *Birchfield v. United States,* 296 F.2d 120, 122 (5th Cir. 1961). Whether appellant seeks to raise a new issue or to relitigate the issue raised in his previous motion,[2] he must address a section 2255 motion to the sentencing court unless he can show that his case is one for which that remedy is "inadequate or ineffective."

1. 28 U.S.C.A. § 2255 provides in the part here relevant:

    An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

2. The record is silent as to precisely what issues appellant raised in his motion to vacate his sentence under § 2255. His reply brief in this appeal, however, indicates that he is now raising the "precise issue" he raised there. If that be true, he may in refiling run afoul of section 2255's provision allowing summary dis-

Appellant's sole argument for the inadequacy or ineffectiveness of his § 2255 remedy is his lack of success on his first attempt to obtain such relief. "A federal prisoner seeking habeas corpus relief has the difficult burden of coming forward with evidence which affirmatively shows the ineffectiveness of § 2255 relief in his case, and he cannot satisfy this requirement by merely showing that his provisions § 2255 petition was unsuccessful." *Accardi v. Blackwell*, 412 F.2d at 914; *Waugaman v. United States*, 331 F.2d 189, 191 (5th Cir. 1964).

The district court's dismissal of appellant's habeas corpus petition is affirmed.[3] The relief appellant seeks, if available at all, must come from the sentencing court under § 2255.

AFFIRMED.

position of a "second or successive motion for similar relief on behalf of the same prisoner," even though ordinary rules of res judicata do not apply in either habeas corpus or section 2255 actions. *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 1072–1077, 10 L.Ed.2d 148 (1963). For guidelines for the application of the "successive motion" rule, *see* Rule 9(b), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C.A. § 2255 (Pocket Part); *Sanders v. United States*, 83 S.Ct. at 1073–1074, 1077–1078.

**3.** Appellant's brief seems to argue at one point that it amounts to an unconstitutional suspension of the writ of habeas corpus for the district court to dismiss his section 2241 petition and refer him to his section 2255 motion. The Supreme Court in *Hayman*, however, held that section 2255 was "intended to be as broad as habeas corpus" and that since upon a showing that the section 2255 remedy was inadequate or ineffective the section 2241 remedy remained, no question of its constitutionality need be reached. 72 S.Ct. at 271, 274.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.