Horning v. U.S.A.                    CV-95-287-L    07/10/95

## THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE

Karen J. Horning

    v.                                        #C-95-287-L

United States of America


## ORDER ON MOTION FOR SENTENCE AMENDMENT

The petitioner has brought an action under 28 U.S.C. § 2255 to set aside her conviction and sentence imposed by this court on December 5, 1989.

Petitioner pled guilty to an information of unlawfully, knowingly and intentionally possessing a quantity of Psilocybin, a Schedule I narcotic controlled substance.

The facts in this case are somewhat unusual. The petitioner was indicted on July 12, 1989. Petitioner was charged with the unlawful possession with intent to distribute Psilocybin, a Schedule I narcotic drug with intent to distribute, in violation of Title 21 of the United States Code, Section 841 (a).

After petitioner's arrest in Nashua on June 13, 1989 she was set free on bail in the amount of $1,000.00 without surety, but failed to appear in this court on June 27, 1989. Petitioner's bail was revoked and she was detained as a pre-trial detainee at the New Hampshire State Prison for Women in Grasmere. Previously petitioner had been placed on probation in a State Court of Louisiana.

Through counsel, petitioner filed a motion to suppress a search warrant issued by Magistrate Judge William Barry to postal

authorities in Portsmouth, New Hampshire.  The petitioner was arrested on June 13, 1989 after a post office box rented by her was searched by a United States Postal Inspector.

Petitioner discharged her first attorney.  Petitioner's second counsel filed a motion to determine her competency on the basis of disruptive conduct, suicidal tendencies and refusal to cooperate with counsel.  Petitioner was originally incarcerated at Merrimack County House of Correction, then was transferred to a maximum security institution in Windham, Maine and finally the New Hampshire State Prison For Women.

A hearing was held on petitioner's motion to suppress on November 28, 1989.  On December 4, 1989 the court issued an order granting defendant's motion to suppress evidence.  On the same day that the court granted the motion to suppress the government filed a motion to continue the trial scheduled for December 11, 1989.  The basis for the motion was the following:  The government in accordance with internal procedures, was required to present the issue before the Appellate Section of the United States Department of Justice so that a decision could be made on whether to appeal.

Subsequently on the very next day, December 5, 1989, the Government and defendant's counsel agreed, with the acquiescence of the defendant, to have defendant plead guilty to a lesser charge, a misdemeanor.  The sentence of the court was to time served and petitioner was released forthwith.

The court also made the following comment to Assistant

2

United States Attorney Robert McDaniel and defense counsel, Attorney Dorothy Silver. "----and I'd like to commend counsel for the government and counsel for the defendant for their effort in this regard. You're a credit to the profession."

## Discussion

28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
> A motion for relief may be made at any time.

The petitioner is not in custody as a consequence of her being sentenced by this court on December 5, 1989. At the date of her sentence petitioner's sentence was as to time served as a pre-trial detainee, for failure to appear in court after she was released on bail. Additionally at the same time petitioner was on probation in the 14th Judicial District for the State of Louisiana.

"In enacting 28 U.S.C. § 2255, Congress sought to provide in the sentencing court a more convenient forum for litigation of collateral attacks upon sentences than was available by means of habeas corpus jurisdiction of districts of incarceration." Lane v. Hanberry, 601 F.2d 805, 806 ( 5th Cir. 1979).

Relief, under 28 U.S.C. § 2255, is unavailable to a

3

petitioner who has completed his sentence.  <u>United States v. Hay</u>,
702 F.2d 572 (5th Cir. 1983).  Further, 28 U.S.C. § 2255 is
available only to attack a sentence under which a prisoner is in
custody.

"A collateral challenge under 28 U.S.C. § 2255, like a
habeas corpus proceeding is available only to attack (1) a
federal sentence under which the defendant is in custody at the
time of initiating the petition (citations omitted) or (2) a
federal sentence that has been ordered to run consecutively to
another sentence under which the defendant is in custody at the
time of filing of the challenge."  <u>United States v. Bustillos</u>, 31
F.3d 931, 933 (10th Cir. 1994).

The question presented by this case is whether a habeas
petition remains "in custody" under a conviction after the
sentence imposed for it has fully expired, merely because of the
possibility that the prior condition will be used to enhance the
sentence imposed for any subsequent crimes of which he is
convicted.  Courts have held to the contrary.  <u>Maleng v. Cook</u>,
490 U.S. 488, 492 (1989).

Petitioner was not and is not under any sentence of this
court at the time petitioner filed her motion for sentence
amendment.  Petition to set aside conviction is denied.
July 10, 1995

_____
Martin F. Loughlin
Senior Judge

Karen Horning