IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50607
Conference Calendar
_____


SAMUEL FIACRO PENA,

                                        Petitioner-Appellant,

versus


JOE AGUIRRE, Warden,
Federal Prison Camp El Paso -
Presently Jerry Maldonado,

                                        Respondent-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-98-CV-444-F
- - - - - - - - - - -

October 20, 1999

Before JONES, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Samuel Fiacro Pena, federal prisoner #50360-098, appeals the
dismissal of his application filed pursuant to 28 U.S.C. § 2241,
in which he argues that his counsel was ineffective for failing
to argue: (1) that he was not brought to trial within the time
limits imposed by the Speedy Trial Act, 18 U.S.C. §§ 3161-3174;
and (2) that the district court erroneously applied the
sentencing guidelines in imposing his sentence.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Each of these claims addresses alleged errors that occurred prior to or during Pena's conviction and sentence. Therefore, he may raise them in a § 2241 petition only if he can demonstrate that a motion filed under § 2255 would not provide an adequate and effective means of challenging the legitimacy of his detention. See Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). Pena has failed make such a showing; the mere fact that his prior § 2255 motion raising these claims was denied is itself insufficient. See Lane v. Hanberry, 601 F.2d 805, 807 (5th Cir. 1979).

In this action, Pena has merely refiled his prior § 2241 motion in the hope of obtaining a different result. This appeal is therefore frivolous, and will be dismissed as such. We thus warn Pena that the filing of further frivolous or repetitious motions for authorization may invite the imposition of sanctions.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.