United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51216
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONNIE EARL WITT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-131-1
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Donnie Earl Witt challenges his conviction and sentence for sexually exploiting a child through the production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). First he asserts that the district court abused its discretion in denying his motion to withdraw his guilty plea. We find no abuse of discretion because Witt has not shown a fair and just reason why the plea should be withdrawn. He freely admits that he induced, enticed, and/or coerced the victim into participating in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the production of sexually explicit material.  Under such circumstances, the Government would be prejudiced, the district court would be inconvenienced, and judicial resources would be wasted if he were allowed to change strategies and pursue a plea of not guilty--especially because he waited until the morning of his original trial to enter the guilty plea and delayed 25 days before moving to withdraw it.  Moreover, the record shows that he received adequate assistance from counsel and that the guilty plea was knowingly and voluntarily entered.  See United States v. Adam, 296 F.3d 327, 332-33 (5th Cir. 2002); United States v. Carr, 740 F.2d 339, 343-45 (5th Cir. 1984).

Next Witt asserts that there was an insufficient nexus between the crime of conviction and a high speed chase he caused to justify a sentencing enhancement for reckless endangerment.  However, Witt stipulated in the plea agreement that the sexually explicit photographs were in the car during the high speed chase and that they were being shipped in interstate commerce at the time.  Accordingly, there was no error in the district court's application of the enhancement.  See United States v. Southerland, 405 F.3d 263, 268 (5th Cir. 2005); § 2251(a).

Finally, Witt asserts that the judgment should be corrected to omit a reference to 18 U.S.C. § 25.  He argues that the Government agreed to drop the sentencing enhancement under that section in exchange for his guilty plea.  Although the Government joins Witt's request, this court lacks the authority to correct

the judgment.  Instead, Federal Rule of Criminal Procedure 36 gives authority to correct clerical errors to the sentencing court.  See Accardi v. Blackwell, 412 F.2d 911, 913 (5th Cir. 1969).

For the foregoing reasons, we AFFIRM the district court's judgment and REMAND for the limited purpose of correcting the judgment to omit reference to § 25 under Federal Rule of Criminal Procedure 36.