[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10792
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 11, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-00918-TWT

MICHAEL PARTEE,

                                                                  Petitioner-Appellant,

versus

ATTORNEY GENERAL, STATE OF GEORGIA,

                                                                  Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 11, 2012)

Before TJOFLAT, EDMONDSON, and FAY, Circuit Judges.

PER CURIAM:

        Michael Partee, a federal prisoner, appeals *pro se* the district court's

dismissal of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C.

§ 2254. Partee filed his § 2254 petition in the District Court for the Northern

District of Georgia, challenging his two prior Georgia drug convictions, sustained

in 1996, for which he had received two concurrent, two-year sentences. Partee

indicated in his petition that he was currently serving a 324-month federal

sentence imposed by the District Court for the Northern District of Illinois.

In November 2010, the district court dismissed Partee's § 2254 petition for

lack of subject matter jurisdiction, finding that his 1996 state sentences had

expired and that he was no longer "in custody" within the meaning of § 2254(a).

The court noted that, if Partee wished to challenge his current federal sentence, he

should do so via a 28 U.S.C. § 2255 motion in the court that imposed the

sentence.[1]

We granted Partee a certificate of appealability ("COA") on the issues of

whether the district court erred in failing to construe his § 2254 petition as a

§ 2255 motion, and whether the court should have dismissed the construed § 2255

motion for lack of jurisdiction and transferred the motion to the Northern District

of Illinois, where Partee's federal criminal judgment was entered.[2] For the reasons

---

[1] Section 2254 allows a federal district court to entertain a habeas petition of "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). By contrast, § 2255 governs post-conviction relief for federal prisoners. *See* 28 U.S.C. § 2255.

[2] In his brief on appeal, Partee challenges the district court's finding regarding the "in custody" requirement, but we do not address this issue because "appellate review is limited to the

set forth below, we affirm.

In examining a district court's denial of a § 2254 habeas petition, we review questions of law *de novo*. *Grossman v. McDonough*, 466 F.3d 1325, 1335 (11th Cir. 2006). When a federal prisoner seeks to challenge an expired state sentence that was used to enhance his current federal sentence, he must bring suit under § 2255. *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000).

"It is true that federal courts must look beyond the labels of motions filed by pro se inmates to interpret them under whatever statute would provide relief." *Id.* In this case, however, construing Partee's § 2254 petition as a § 2255 motion would have been futile, providing no relief. Specifically, Partee received his federal sentence in the Northern District of Illinois, and a § 2255 motion must be filed in the "court which imposed the sentence." 28 U.S.C. § 2255(a); *see Medberry v. Crosby*, 351 F.3d 1049, 1056-57 (11th Cir. 2003) (explaining that § 2255 alleviated procedural difficulties "by directing prisoners to file the motion in the court where they were convicted"). Accordingly, even if the district court had construed the § 2254 petition as a § 2255 motion, it would have lacked jurisdiction over the motion and would have been required to dismiss the case. *See Owensby v. Clark*, 451 F.2d 206, 207-09 (5th Cir. 1971) (holding that a non-

issues specified in the COA." *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998).

3

sentencing district court had no jurisdiction to hear a prisoner's habeas petition because the prisoner could have obtained relief through a § 2255 motion, which should have been filed in the district court that sentenced him).

Partee might have received some relief if the district court had transferred his construed § 2255 motion to the appropriate district under 28 U.S.C. § 1631, which allows a district court to transfer a case over which it lacks jurisdiction if such a transfer is "in the interest of justice." *See* 28 U.S.C. § 1631. However, a significant factor in the interest-of-justice analysis is whether a denial of a transfer would effectively bar the plaintiff from relief in the proper court. *See Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (holding that the interests of justice did not warrant a § 1631 transfer of a prisoner's habeas petition because, after the district court had dismissed his petition, the prisoner had three months within the limitations period in which to properly refile the petition, and the magistrate's report and recommendation notified the prisoner of the necessary procedure for doing so).

In this case, at the time the district court dismissed Partee's § 2254 petition, nothing barred him from refiling the petition as a § 2255 motion in the proper court. The one-year statute of limitations for filing § 2255 motions began to run for Partee on October 18, 2010, when the Supreme Court denied certiorari in his

direct appeal, rendering his federal conviction final. *See* 28 U.S.C. § 2255(f); *Partee v. United States*, 562 U.S. __, 131 S.Ct. 439, 178 L.Ed.2d 340 (2010) (denying certiorari in Partee's direct appeal); *Washington v. United States*, 243 F.3d 1299, 1300-01 (11th Cir. 2001) (holding that a conviction becomes final for purposes of § 2255 when the Supreme Court denies certiorari). The district court dismissed his § 2254 petition in November 2010, giving him ample opportunity (almost a year) to file a § 2255 motion in the proper district before the statute of limitations expired. *See Washington*, 243 F.3d at 1300-01. In fact, the court alerted Partee to this opportunity by stating that a challenge to his federal sentence must be brought via a § 2255 motion in the Illinois district court. Accordingly, the "interest of justice" would not have warranted a transfer of Partee's § 2255 motion. *See* 28 U.S.C. § 1631; *Guenther*, 173 F.3d at 1331.

Because construing Partee's habeas petition as a § 2255 motion would have resulted in a dismissal for lack of jurisdiction and would not have granted Partee any relief, the district court did not err by failing to construe his petition as such. *See Means*, 209 F.3d at 1242. Therefore, we affirm.

**AFFIRMED.**