No. 43,114

STATE OF KANSAS, *Appellee*, v. GEORGE WILLIAM DAEGELE, *Appellant.*

(376 P. 2d 807)

Opinion filed December 8, 1962.

Appellant was on the brief *pro se.*

*Wesley M. Norwood,* County Attorney, argued the cause, and *William M. Ferguson,* Attorney General, *Robert E. Hoffman,* Assistant Attorney General, and *Ralph M. King, Jr.,* Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: The defendant, George William Daegele, upon his plea of guilty, was convicted in the district court of Douglas county of the offense of forcible rape (G. S. 1949, 21-424). This appeal followed.

Throughout all proceedings in the district court defendant was represented by court-appointed counsel. In his appeal to this court, however, he appears *pro se,* and has filed a number of handwritten documents. Among them are a purported abstract and brief. Because of the inadequacy of defendant's "abstract" to show the proceedings in the district court, the state has filed a counter abstract and from it we summarize briefly.

Defendant was charged in two counts:

Count I charged him with kidnapping a twelve-year-old girl and inflicting bodily harm upon her person by assaulting, beating, choking and forcibly ravishing her (G. S. 1961 Supp. 21-449).

Count II charged him with the forcible rape of the girl (G. S. 1949, 21-424).

Following a preliminary hearing in the county court at which defendant was represented by a Missouri attorney, he was bound over to the district court for trial on both charges.

Apparently the Missouri attorney withdrew from the case, but,

in any event, when the matter reached the district court defendant requested that counsel be appointed to represent him. Accordingly, Mr. Fred M. Six, a fully qualified and capable member of the Douglas county bar, was appointed to represent him. Mr. Six accepted the appointment, and on November 9, 1961, upon arraignment, defendant entered a plea of not guilty to the crime of kidnapping in the first degree as charged in count I of the information, and a plea of not guilty to the crime of forcible rape as charged in count II.

On January 2, 1962, defendant, being present in court and by counsel, withdrew his plea of not guilty to the offense of forcible rape as charged in count II of the information, and entered his plea of guilty thereto. With respect to this the counter abstract shows the following:

"THE COURT: Will the defendant stand and let the court know if that is his plea? Is that your plea?

"DEFENDANT: This is the instruction that I have given my attorney yes, sir.

"THE COURT: That is your plea?

"DEFENDANT: Yes, sir."

Thereupon the state moved to dismiss count I of the information. The motion was sustained and count I was dismissed. The state then announced that it intended to introduce evidence of a prior conviction of felony under the provisions of the habitual criminal statute (G. S. 1949, 21-107a). Imposition of sentence was deferred.

On January 13, 1962, the matter came on for further hearing. From the evidence introduced it was established that defendant had previously been convicted in the state of Missouri of two counts of statutory rape and one count of sodomy. The penalty for forcible rape (G. S. 1949, 21-424) being confinement for not less than five years nor more than twenty-one years, the court, under the provisions of the habitutal criminal statute (G. S. 1949, 21-107a), doubled the penalty and sentenced defendant to confinement for a period of not less than ten years nor more than forty-two years.

On March 15, 1962, defendant filed the following notice of appeal:

"Notice is hereby given, that George Wm. Daegele, Defendant in above titled cause, appeals to Kansas Supreme Court from the order of this Court, on or about January 13th, 1962, Overruling Motion to Dismiss the Void proceeding."

On that date he also filed a motion that a free transcript of the proceedings be furnished to him under the provisions of G. S. 1961

Supp. 62-1304. This motion was granted and a transcript of all proceedings was furnished to him at the expense of Douglas county.

In passing, it should be noted that throughout the entire proceedings in the district court defendant was represented by his court-appointed counsel, and it appears that in every particular his rights were meticulously safeguarded and protected by the court and his counsel.

Further discussion of the matter is unnecessary—and in fact is precluded—because of defendant's failure to comply with rule number 5 of this court (see 188 Kan. XXVII) which requires that an appellant's abstract shall include a specification of the errors complained of, separately set forth and numbered.

The principle is thoroughly settled that where an appellant has made no effort to comply with that provision of rule number 5 appellate review is precluded and the appeal will be dismissed. Recent decisions dealing with the question in both civil and criminal appeals are *Blevins v. Daugherty,* 187 Kan. 257, 356 P. 2d 852, and *State v. Armstrong,* 188 Kan. 567, 363 P. 2d 520.

Under the circumstances, there is nothing before this court for review and the appeal is dismissed.