**George Wm. DAEGELE, Appellant,**

v.

**Sherman H. CROUSE, Warden, Kansas State Penitentiary, Appellee.**

**No. 8202.**

United States Court of Appeals
Tenth Circuit.

Oct. 4, 1965.

William F. Dwyer, Denver, Colo., for appellant.

Richard H. Seaton, Asst. Atty. Gen., of Kansas, (Robert C. Londerholm, Atty. Gen., of Kansas, was with him on the brief), for appellee.

Before PHILLIPS, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

This appeal is taken from an order of the District Court for the District of Kansas, entered without a hearing, denying appellant's application for a writ of habeas corpus because appellant had failed to exhaust his state remedy. 28 U.S.C. § 2254.

■ Appellant is presently confined in the Kansas State Penitentiary pursuant to sentence imposed after plea of guilty to a charge of forceable rape. Certain aspects of his conviction after plea were considered upon appeal by the Kansas Supreme Court in State v. Daegele, 193 Kan. 314, 393 P.2d 978, and determined to be free from error or prejudice. His present application for a writ alleges that his plea of guilty "was coerced; the result of negligence, con-

spiracy, chicanery, and perjury * *." Although such a bald pleading unsupported by allegation of fact is legally insufficient, Martinez v. United States, 10 Cir., 344 F.2d 325, Stephens v. United States, 10 Cir., 246 F.2d 607, the trial court held that the conclusionary claim of a denial of a constitutional right must in any event be first presented to the Kansas courts pursuant to that state's post-conviction statutory remedies. Kan. Stat.Ann. 60–1507, 1964. Since the issue of whether appellant's plea was in fact voluntary was not considered by the Kansas Supreme Court on appeal, the judgment is manifestly correct. Bratt v. Crouse, 10 Cir., 346 F.2d 146.

Affirmed.