George William DAEGELE, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 19070.

United States Court of Appeals, Tenth Circuit.

June 10, 1970.

Kent Frizzell, Atty. Gen., and Edward G. Collister, Jr., Asst. Atty. Gen., have filed a motion to affirm and suggestions in support of summary affirmance on behalf of the appellee.

George William Daegele, pro se.

Before LEWIS, Chief Judge, and PICKETT and HICKEY, Circuit Judges.

PER CURIAM.

In 1962, upon his plea of guilty to a charge of forcible rape, Daegele was sentenced as a second offender under the Kansas habitual criminal statute, K.S.A. 21–107a, to a term of ten (10) to forty-two (42) years. The conviction was affirmed in State v. Daegele, 190 Kan. 613, 376 P.2d 807 (1962). The United States Supreme Court granted certiorari, vacated the judgment, and remanded for consideration in light of Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Daegele v. Kansas, 375 U.S. 1, 84 S.Ct. 89, 11 L.Ed.2d 44 (1963). The appeal was reinstated, counsel appointed for appellant, and the conviction was again affirmed, in State v. Daegele, 193 Kan. 314, 393 P.2d 978 (1963), cert. denied, 379 U.S. 981, 85 S. Ct. 686, 13 L.Ed.2d 571 (1965).

In 1965, this court affirmed denial of federal habeas relief to Daegele for failure to exhaust state remedies. Daegele v. Crouse, 351 F.2d 306 (10th Cir. 1965), cert. denied, 384 U.S. 954, 86 S. Ct. 1576, 16 L.Ed.2d 550 (1966). For reasons stated hereinafter, we must do so again.

In the habeas petition giving rise to this appeal, Daegele alleged that the 1942 Missouri convictions relied upon to enhance his Kansas sentence were invalid for lack of counsel, and accordingly, that his enhanced sentence was unconstitutional. The judgments of those convictions are silent as to the presence of counsel. After an evidentiary hearing, the federal district court, finding that Daegele has exhausted state remedies as to this question, correctly held that the Missouri convictions "may not be used for the purpose of enhancing Daegele's sentence," and directed the writ to issue in one-hundred twenty (120) days if Daegele were not resentenced in the state court. See Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), and Oswald v. Crouse, 420 F.2d 373 (10th Cir. 1969).

On August 1, 1969, Daegele was accordingly resentenced, again, as a second offender under K.S.A. 21–107a, to a term of ten (10) to forty-two (42) years, the sentence to commence as of January 13, 1962, the date of the earlier sentence. At this proceeding, the State relied upon a 1957 Missouri conviction to invoke the recidivist statute.

By motion in the still pending federal habeas proceeding, Deagele challenged the new sentence, on the principal ground that, although he was represented by counsel in the 1957 Missouri proceeding, he was not so represented on appeal. See State v. Daegele, 302 S.W. 2d 20 (Mo.1957). The State then moved to dismiss, on the ground that Daegele then had pending before the Kansas Supreme Court an appeal from the new sentence, and that appellant Daegele had been granted until March 1, 1970, to file his abstract and brief therein. On January 21, 1970, the federal district court granted the motion, and dismissed the action for failure to exhaust state remedies.

The record before us affirmatively shows that at the time Daegele sought to attack the resentencing in the federal habeas court, he then had pending a di-

rect appeal from that sentence in the Kansas Supreme Court.[1] In Hudson v. Crouse, 420 F.2d 416 (10th Cir. 1970), the federal district court had determined that the petitioner's recidivist sentence was invalid, and as here, ordered the writ to issue in one-hundred twenty (120) days if he were not resentenced. Although Hudson effected an appeal to this court twenty-eight (28) days before the resentencing, we stated clearly that he must first exhaust available state remedies respecting the new sentence before seeking federal habeas relief. And of course, it is elemental that habeas corpus is no substitute for the direct appeal Daegele is presently pursuing in the Kansas courts. See Kinnell v. Crouse, 384 F.2d 811 (10th Cir. 1967), cert. denied, 390 U.S. 999, 88 S.Ct. 1205, 20 L.Ed.2d 98; Naugle v. State of Oklahoma, 375 F.2d 424 (10th Cir. 1967), and; 28 U.S.C. § 2254(b).

■■ In an initial memorandum opposing summary affirmance, Daegele urges, inter alia, that under State v. Engberg, 194 Kan. 520, 400 P.2d 701 (1965), cert. denied, 383 U.S. 921, 86 S. Ct. 899, 15 L.Ed.2d 676, he may not raise the validity of the 1957 Missouri conviction in any Kansas post-conviction proceeding, and that his state remedies are accordingly ineffective. As he recognizes in a second memorandum opposing affirmance, the Kansas Supreme Court has recently rejected the *Engberg* rule in State v. Duke, 205 Kan. 37, 468 P.2d 132 (April 11, 1970). He urges, nonetheless, that his appointed counsel has not raised all of his constitutional claims in the pending direct appeal, and that those issues will be thereby foreclosed from consideration in any subsequent state post-conviction proceeding. We have repeatedly held, however, that the probability of success is not the criterion of the adequacy of state remedies, and that their ineffectiveness may not

be established if no attempt is made to obtain relief thereunder. Whiteley v. Meacham, 416 F.2d 36 (10th Cir. 1969). Examination of the files and records in this case convinces us that a single question is presented, one of exhaustion of state remedies, which is so unsubstantial as not to warrant further argument.

Accordingly, the motion of appellee is granted and the judgment of the district court is affirmed.

in the validity of the 1957 Missouri conviction as a basis for the enhanced sentence is raised.