**Ida BROWN et al., Appellants,**

v.

**Joseph YELDELL et al.**

**No. 72–1847.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 8, 1973.

Decided Nov. 29, 1973.

---

Peter J. Hoagland, Washington, D. C., with whom Marilyn Cohen, Washington, D. C., was on the brief for appellants.

Leo N. Gorman, Asst. Corp. Counsel Washington D. C., for the District of Columbia, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief for appellees.

Before BAZELON, Chief Judge, WILKEY, Circuit Judge, and KAUFMAN,[*] United States District Judge for the District of Maryland.

PER CURIAM:

These appeals are from denials of both appellants' writs of habeas corpus by the District Court. 28 U.S.C. § 2241 et seq. Appellant Brown in 1967, and appellant Johnson in 1963, were committed as "dependent wards of the court," 11 D.C.Code § 1551 (1967), by what was then called the District of Columbia Juvenile Court. Pursuant to their commitments, appellants were eventually sent to the Cedar Knolls School, a facility for delinquent youths. After the D.C. Court Reorganization Plan of 1970, Pub.L. 91–358, 84 Stat. 473, those designated "neglected children" (the new statute's equivalent of "dependent wards") could not be confined in the same facility as "delinquent children." 16 D.C.Code 2320(b). As a result, Judge Braman of the D.C. Superior Court ordered, *sua sponte*, a hearing regarding the continued detention of appellants, and others similarly situated, at Cedar Knolls. In a hearing before Judge Ryan of the Family Division of the Superior Court, appellants were recommitted for two years as "Children In Need of Supervision" (CINS), and sent to the Maple Glen School. (The CINS classification was created under the Court Reorganization Act as an intermediate category between "neglected" and "delinquent" children. 16 D.C.Code § 2301.) Apellants were not notified of the hearing, nor were they present. They, and several others, were "represented" by an attorney who had been appointed shortly before the hearing, and who acquiesced in all the CINS dispositions.

Appellants then filed writs of habeas corpus in D.C. Superior Court alleging that their CINS commitments were in violation of their constitutional and statutory rights. The Superior Court dismissed their writs. On appeal, the D.C. Court of Appeals affirmed the dismissal. It found that the hearing which classified appellants as CINS "was one not required by law," and therefore they "must be viewed as continuing in the [dependent ward] status previously determined by the Juvenile Court." I.B. v. D.C. Dep't of Human Resources, D.C. App., 287 A.2d 827, 829–830 (1972).

Appellants next moved for writs of habeas corpus in the United States District Court for the District of Columbia alleging that their commitments as CINS were in violation of their fifth amendment rights to notice and their sixth amendment rights to be present at the hearing. The District Court sum-

[*] Sitting by designation pursuant to 28 U.S.C. § 292(c).

marily denied their writs without stating its reasons.

■■ We affirm the District Court's denial of appellants' petitions because their constitutional claims are unavailaing in light of the decision by the D.C. Court of Appeals. Appellants maintain that they continued to suffer harm as a result of the CINS adjudication, despite the D.C. Court of Appeals decision. They contend that they were confined in a facility in which they could not have otherwise been kept, and appellant Brown claims that her commitment was extended seven and one half months because of the order issued pursuant to the hearing. The proper remedy in these circumstances, as the opinion of the D.C. Court of Appeals noted, was "an appropriate action delineating the issues" in Superior Court. 287 A.2d at 830. In any event, appellants suffer no present harm cognizable by a writ of habeas corpus. The two year commitments ordered at the inoperative CINS hearing have now lapsed. And, since their CINS status was invalidated by the D.C. Court, they can suffer no adverse "collateral consequences" as a result of that designation. *See* Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

Affirmed.