823 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David Eugene KENNEY, Petitioner-Appellant,
v.
John WILT, Warden, Respondent-Appellee.
 No. 86-6832
 United States Court of Appeals, Fourth Circuit.
 Submitted March 3, 1987.
Decided June 30, 1987.
 
 David Eugene Kenney, appellant pro se.
 Stephen Howard Sachs, Attorney General, George A. Eichhorn, III, Office of the Attorney General, for appellee.
 Before HALL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Maryland inmate David Eugene Kenney filed this action pursuant to 28 U.S.C. Sec. 2254, alleging that: (1) he was improperly denied parole; (2) false information in his prison file was used to deny him parole; and (3) he has been held beyond his release date. We affirm the denial of relief as to Claims 1 and 2. With respect to Claim 3, we vacate and remand for dismissal for want of exhaustion.
 
 
 2
 To the extent Kenney in Claim 1 is challenging the parole process on constitutional grounds, we note that Kenney concedes that he received a statement of reasons for the denial of parole. This is all the Constitution requires. Franklin v. Shields, 569 F.2d 784, 801 (4th Cir. 1979) (en banc) (per curiam), cert. denied, 435 U.S. 1003 (1978).
 
 
 3
 Kenney's claim concerning false information in his prison files likewise is not actionable. Kenney has not demonstrated that he has requested expungement of the material and given authorities a reasonable opportunity to respond. Therefore, under Paine v. Baker, 595 F.2d 197 (4th Cir.), cert. denied, 444 U.S. 925 (1979), we are without jurisdiction to consider Kenney's claim. We note, moreover, that the record contains a document, signed by Kenney, stating that he agrees with the content of documents in his parole file.
 
 
 4
 Kenney's allegation that he is being held beyond his release date sounds in habeas. Kenney concedes in his petition that he has not presented his contentions to the highest state court with jurisdiction to consider his claim. His belief that recourse to state court will be futile does not relieve him of his duty to exhaust. See Johnson v. Robinson, 509 F.2d 395 (D.C. Cir. 1974).
 
 
 5
 We affirm the district court's decision denying relief as to Claims 1 and 2. With respect to Claim 3, we vacate the judgment below and remand with instructions to dismiss for nonexhaustion. A certificate of probable cause to appeal is denied. As the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 6
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.