FILED
United States Court of Appeals
Tenth Circuit

**July 19, 2011**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ANDREW MARK LAMAR,

        Petitioner - Appellant,

    v.

ARISTEDES ZAVARAS, Executive
Director of the Department of
Corrections; JOHN W. SUTHERS, the
Attorney General of the State of
Colorado,

        Respondents - Appellees.

No. 11-1131
(D. Colorado)
(D.C. No. 1:10-CV-02420-ZLW)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **BRISCOE,** Chief Judge, **MURPHY,** and **MATHESON**, Circuit Judges.

---

Proceeding *pro se*, Andrew Mark Lamar seeks a certificate of appealability

("COA") from this court so he can appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no

appeal may be taken from a final order disposing of a § 2254 petition unless the

petitioner first obtains a COA). Because Lamar has not "made a substantial

showing of the denial of a constitutional right," this court **denies** his request for a

COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

On April 27, 2007, a Colorado jury convicted Lamar of sexual assault. He was sentenced to an indeterminate term of thirty-five years to life. Lamar's appointed counsel initiated a direct appeal and filed an opening brief raising five issues: (1) the trial court erred by denying Lamar's request to change his plea to not guilty by reason of insanity, (2) Lamar's waiver of his right to be represented by counsel during his trial was constitutionally deficient, (3) the prosecution committed misconduct during the trial, (4) the trial court erred by failing to rule on Lamar's motion for a new trial, and (5) Lamar's sentence was illegal. After filing the opening brief, Lamar's counsel was permitted to withdraw. Although the Colorado Court of Appeals ("CCA") allowed Lamar to proceed with the appeal *pro se*, it denied his request to strike the opening brief or file a supplemental brief. He did, however, file a *pro se* reply brief.

The CCA affirmed Lamar's conviction but remanded the matter for resentencing. Lamar filed a petition for rehearing from that ruling, raising, *inter alia*, constitutional claims related to the CCA's refusal to permit him to file a *pro se* opening brief. That petition and Lamar's subsequent petition for certiorari to the Colorado Supreme Court were both denied.

On November 19, 2010, Lamar filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Colorado. In this application, Lamar characterized his claims as follows: (1) he was deprived of his due process right to an adequate appellate

-2-

review, (2) he was deprived of his due process right to maintain control over his appeal when the CCA "forced" an appellate lawyer on him, and (3) he was deprived of his First Amendment right to access the courts. The first two of these claims were included in the issues Lamar raised in his state petition for rehearing; he argues the third claim was presented by implication.

Respondents filed a pre-answer response, arguing Lamar's § 2254 petition should be dismissed without prejudice because the claims he sought to raise were not exhausted in state court. *See Miranda v. Cooper*, 967 F.3d 392, 398 (10th Cir. 1992) ("In order to satisfy the exhaustion requirement, a federal habeas corpus petitioner must show that a state appellate court has had the opportunity to rule on the same claim presented in federal court, or that at the time he filed his federal petition, he had no available state avenue of redress." (citation omitted)). Specifically, Respondents noted Lamar failed to seek post-conviction review of his claims in state court pursuant to Colo. R. Crim. P. 35. The district court agreed and dismissed Lamar's § 2254 petition without prejudice for failure to exhaust his state court remedies. The court rejected Lamar's argument that his claims were fairly presented to the state court in the petition for rehearing and the petition for certiorari filed with the Colorado Supreme Court, concluding they were not presented in a procedurally proper manner. *Kelly v. Cent. Bank & Trust Co.*, 794 P.2d 1037, 1044-45 (Colo. Ct. App. 1989) (refusing to consider an argument raised for the first time in a petition for rehearing).

Lamar cannot appeal the district court's dismissal of his habeas application unless he first obtains a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c). To be entitled to a COA, Lamar must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct).

In his original § 2254 petition filed on November 8, 2010, Lamar notified the court that he has appealed the sentence imposed on May 5, 2010, after the matter was remanded by the CCA for resentencing. The state court docket indicates Lamar's opening brief was filed on June 17, 2011, and the answer brief is not due until November 29, 2011. Accordingly, because Lamar's direct appeal from his conviction and sentence is still pending before the Colorado courts, he has not exhausted all available state remedies.[1] *See Daegele v. Crouse*, 429 F.2d 503, 504-05 (10th Cir. 1970) (holding federal habeas proceeding was properly dismissed for failure to exhaust state remedies when petitioner's direct appeal from resentencing was still pending in state court at the time he sought habeas

_____

[1]The one-year limitations period set out in 28 U.S.C. § 2244(d)(1)(A) will not begin to run until Lamar's direct appeal is resolved by the Colorado state courts.

-4-

relief).  Accordingly, our review of the record demonstrates the district court's

dismissal of Lamar's § 2254 petition without prejudice for failure to exhaust state

remedies[2] is not deserving of further proceedings or subject to a different

resolution on appeal.  This court **denies** Lamar's application for a certificate of

appealability and **dismisses** this appeal.  Lamar's motion to proceed *in forma*

*pauperis* on appeal is **granted**.  All other outstanding motions are **denied** as

moot.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[2]In light of our conclusion that Lamar's direct appeal is still pending in state court, it is unnecessary for this court to decide whether the federal constitutional claims he seeks to raise in his § 2254 habeas petition were fairly presented to the Colorado courts in the petition for rehearing. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) ("[W]here the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." (citation and quotations omitted)). *But see Bowser v. Boggs*, 20 F.3d 1060, 1063 & 1063 n.4 (10th Cir. 1994) ((concluding state habeas petitioner exhausted his state remedies by raising a claim challenging the adjudication of his appeal in a petition for rehearing).

-5-