FILED
United States Court of Appeals
Tenth Circuit

October 23, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MICHAEL S. GORBEY,

        Petitioner - Appellant,

v.

WARDEN OF THE FEDERAL
TRANSFER CENTER,

        Respondent - Appellee.

Nos. 13-6272 & 14-6060
(D.C. No. 5:12-CV-01331-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

In these two consolidated appeals, Petitioner and Appellant Michael S. Gorbey, proceeding *pro se*, appeals the dismissal of various orders entered in his district court case. For the following reasons, we affirm those orders.

## BACKGROUND

Mr. Gorbey is in federal custody following his conviction in August 2008 in the Superior Court for the District of Columbia. He is serving an aggregate 254-month sentence for convictions of unlawful possession of a firearm by a convicted felon; carrying a dangerous weapon outside a home or business (two counts); possession of an unregistered firearm; unlawful possession of ammunition (eight counts); manufacture, transfer, use, possession, or transportation of explosives for an unlawful purpose; and attempted manufacture or possession of a weapon of mass destruction. Gorbey v. United States, 54 A.3d 668 (D.C. 2012).[1]

---

[1] As the district court explained in denying Mr. Gorbey's habeas petition in the District of Columbia, Mr. Gorbey's conviction followed his arrest after he engaged in this conduct:

> On the afternoon of January 18, 2008, Michael Gorbey approached a woman near the U.S. Capitol and asked for directions to the Supreme Court. He carried a shotgun in his hand, a sword on his back, a bulletproof vest across his chest, and several shotgun shells and hunting knives in his backpack. Gorbey explained that he was on his way to a meeting with Chief Justice John Roberts.

Gorbey v. United States, 2014 WL 3512850, at *1 (D.D.C. 2014) (citing Gorbey, 54 A.3d at 675).

He appealed his convictions and sentence to the District of Columbia Court of Appeals. That court affirmed some of Mr. Gorbey's convictions, but remanded the case back to the trial court for further proceedings. The court instructed the trial court to conduct a Frendak inquiry, and if Mr. Gorbey's convictions were upheld, to resentence him.[2] The D.C. Court of Appeals also instructed the trial court to vacate one of the carrying-a-dangerous-weapon convictions, the unlawful-possession-of-ammunition conviction for possession of a .45 caliber round, and all but one of the other unlawful-possession-of-ammunition convictions. On remand, the trial court conducted the required Frendak inquiry and found that Mr. Gorbey had validly waived the insanity defense. It therefore sentenced him to 254 months in prison.

On November 30, 2012, after his criminal case had been remanded and while he was being held at the Federal Transfer Center ("FTC") in Oklahoma City, Oklahoma, pending transfer to another facility, Mr. Gorbey, proceeding *pro se*, filed the 28 U.S.C. § 2241 petition underlying these appeals. On December 11, 2012, he filed an Amended Petition for habeas relief, asserting twelve grounds for relief. In ground one, he challenged his assignment to the United States

_____

[2]The district court which denied his subsequent habeas petition described the D.C. Court of Appeals opinion as follows: "In a lengthy and detailed opinion, the D.C.C.A. rejected Gorbey's challenges to his convictions, but found that the trial court had erred at sentencing by failing to inquire into his decision to waive an insanity defense under Frendak v. United States, 408 A.2d 364 (D.C. 1979). The Court remanded the matter for that inquiry and for resentencing based on the merger of certain convictions." Gorbey, 2014 WL 3512850, at *2.

Prison in McCreary, Kentucky. In ground two, he asserted his due process rights were violated in an institutional disciplinary proceeding. In the remaining ten grounds for relief, Mr. Gorbey challenged the validity of his 2008 convictions and sentence. One of these grounds (claim number eight) included the claim that his appellate counsel had been ineffective.

The magistrate judge to whom the case was assigned issued a Supplemental Report and Recommendation, in which he recommended that Mr. Gorbey's claim of ineffective assistance of appellate counsel be dismissed for lack of exhaustion of state remedies, his claim regarding his disciplinary conviction be denied as moot, and the remaining claims be dismissed for lack of jurisdiction. Regarding Mr. Gorbey's challenge to his assignment to the prison in Kentucky, the magistrate judge recommended dismissal due to the district court lacking habeas jurisdiction over conditions of confinement claims.

After considering Mr. Gorbey's objections, the district court adopted the magistrate judge's Supplemental Report and Recommendation. Mr. Gorbey appealed that order, resulting in Appeal No. 13-6272. He also filed three motions to reconsider, all of which were denied. Mr. Gorbey appealed the last two orders denying reconsideration, which resulted in Appeal No 14-6060.[3] Because they

_____

[3]On December 19, 2013, after the district court entered judgment in this case, Mr. Gorbey filed a Petition for Habeas Corpus under 28 U.S.C. § 2254 in the district court for the District of Columbia. In ground one of that petition, Mr. Gorbey raised the same ineffective assistance of appellate counsel claim he has

(continued...)

involve the same district court orders, we consolidate these two appeals for disposition.

## I. Appeal No. 14-6060:

We address first Appeal No. 14-6060, in which Mr. Gorbey appeals the dismissal of his motions to reconsider. The background concerning these claims is as follows: On February 21, 2014, Mr. Gorbey filed a motion under Fed. R. Civ. P. 60(b) asking the district court to reverse its dismissal of Mr. Gorbey's challenge to his conditions of confinement claim regarding his prison assignment. He claimed there was "new law" which applied and vested the district court with habeas jurisdiction in conditions of confinement cases. The district court denied that motion on February 24, 2014.

On February 28, 2014, Mr. Gorbey filed a second motion under Fed. R. Civ. P. 60(b), again seeking relief from the district court's dismissal of his conditions of confinement claim. He also asked the district court to reconsider its dismissal of his claim that his due process rights were violated in an institutional disciplinary proceeding and dismissal of his claim of ineffective assistance of appellate counsel. On March 4, 2014, the district court denied that motion.

---

[3](...continued)
asserted in his habeas petition in this case. He also argued that his counsel following the remand of his case was ineffective. The district court denied that petition on its merits, finding that Mr. Gorbey's appellate counsel was not ineffective and that his claim regarding his remand counsel was not exhausted. The court noted that "[e]ven if the claim were exhausted, . . . it would very likely fail." Gorbey, 2014 WL 3512850, at *5.

On March 14, 2014, Mr. Gorbey filed a notice of appeal from the district court's denial of his Rule 60(b) motions, claiming the district court erred in refusing to reconsider its dismissal of his conditions of confinement claim.

We review the denial of a Rule 60(b) motion for abuse of discretion. Servants of Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000) (citing FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998)). "A district court has discretion to grant relief as justice requires under Rule 60(b), yet such relief is 'extraordinary and may only be granted in exceptional circumstances.'" Id. (quoting FDIC, 152 F.3d at 1272). "An appeal from a denial of a Rule 60(b) motion addresses only the district court's order denying the motion, and not the underlying decision itself." Id.. Finally, "[a] Rule 60(b) motion is not intended to be a substitute for a direct appeal." Id.

Mr. Gorbey claims that the case of Aamer v. Obama, 742 F.3d 1023 (D.C.Cir. 2014) is "new law" that vests the district court with habeas jurisdiction over his conditions of confinement claim. Mr. Gorbey is mistaken. Aamer is not "new law" in the District of Columbia Circuit Court of Appeals, nor is it controlling law in our circuit.

In Aamer, one of the issues was whether the district court had habeas jurisdiction over conditions of confinement claims made by detainees held at the United States Naval Station at Guantanamo Bay, Cuba. In addressing this issue, the D.C. Court of Appeals acknowledged that the United States Supreme Court

had not resolved this issue yet.  Id. at 1032.  In determining that it had habeas

jurisdiction, the D.C. Court of Appeals stated that "[o]ur precedent establishes

that one in custody may challenge the conditions of his confinement in a petition

for habeas corpus, and we must 'adhere to the law of our circuit unless that law

conflicts with a decision of the Supreme Court.'"  Id. (quoting Rasul v. Myers,

563 F.3d 527, 529 (D.C. Cir. 2009).  Thus, Aamer is not new law in the D.C.

Circuit, and, even if it were, it is not controlling in the Tenth Circuit.  Indeed, it

is contrary to Tenth Circuit precedent.  As we have stated, "a request by a federal

prisoner for a change in the place of confinement is properly construed as a

challenge to the conditions of confinement and, thus, must be brought pursuant to

[Bivens/civil rights action]."  Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th

Cir. 2012) (quoting United States v. Garcia, 470 F.3d 1001, 1003 (10th Cir.

2006)).  We have further explained:

> Habeas corpus review is available under § 2241 if an
> individual is in custody in violation of the Constitution or laws or
> treaties of the United States.  The fundamental purpose of a § 2241
> habeas proceeding is to allow a person in custody to attack the
> legality of that custody, and the traditional function of the writ is to
> secure release from illegal custody.  Though the Supreme Court has
> not set the precise boundaries of habeas actions, it has distinguished
> between habeas actions and those challenging conditions of
> confinement . . . .  This court has endorsed this distinction.  In this
> circuit, a prisoner who challenges the fact or duration of his
> confinement and seeks immediate release or a shortened period of
> confinement, must do so through an application for habeas corpus.
> In contrast, a prisoner who challenges the conditions of his
> confinement must do so through a civil rights action.

Id. (further quotations and citations omitted).

Thus, the "new law" upon which Mr. Gorbey relies to challenge the district court's dismissal of his motions to reconsider is neither new nor controlling in our circuit. And Mr. Gorbey failed to provide the district court with any basis, much less "exceptional circumstances," to support his requested reconsideration. The district court did not abuse its discretion in denying Mr. Gorbey's motions for reconsideration.

## II. Appeal No. 13-6272:

As indicated above, Mr. Gorbey filed the instant 28 U.S.C. § 2241 petition, subsequently amended, raising some twelve grounds for relief. In ground two, he claims that his due process rights were violated in an institutional disciplinary proceeding, and in the remaining ten grounds for relief, he challenged the validity of his 2008 convictions and sentence in the District of Columbia. One of these grounds (number eight) included the claim that his appellate counsel in his District of Columbia proceedings was ineffective.

The district court ultimately dismissed the claim of ineffective assistance of counsel for lack of exhaustion of state remedies.[4] This appeal (No. 13-6272)

---

[4]The district court also denied Mr. Gorbey's motion to amend his original habeas petition, based on its conclusion that it did not have jurisdiction to entertain the petition, and because it dismissed Mr. Gorbey's claims without prejudice. To the extent Mr. Gorbey also appeals that denial, claiming that denial was erroneous, we affirm that denial, inasmuch as such amendment would not cure the procedural defects in the original petition.

-8-

followed. We agree with the Warden that the issue of the effectiveness of his appellate counsel is the only issue about which Mr. Gorbey provides any coherent appellate argument and is the only issue we address.[5]

We review the dismissal of a habeas petition *de novo*. Abernathy v. Wandes, 713 F.3d 538, 544 (10th Cir. 2013) (further citations omitted). We explain why the district court correctly determined that Mr. Gorbey had not exhausted his state remedies regarding his claim of ineffective assistance of appellate counsel. Furthermore, we provide additional reasons why this claim is unavailing.

Mr. Gorbey was convicted in the District of Columbia court on August 15, 2008. On August 18, 2008, he appealed his convictions and sentence. On September 20, 2012, prior to the date that Mr. Gorbey filed his habeas petition in

---

[5]To the extent we would consider the other claims, we agree with the district court, adopting the Report and Recommendation of the magistrate judge, that grounds three through seven and nine through twelve should be dismissed for lack of jurisdiction, because collateral challenges to a District of Columbia Superior Court conviction or sentence must be made pursuant to D.C. Code § 23-110, unless the prisoner can show that his remedy under § 23-110 would be inadequate or ineffective. And Mr. Gorbey has made no such showing. We further agree with the district court that, regarding ground one, that claim should be dismissed for lack or jurisdiction (as basically discussed above regarding Appeal No. 14-6060) because a challenge to the place of confinement is essentially a challenge to the conditions of confinement, which must be brought pursuant to Bivens, 403 U.S. 388 (1971). Finally, regarding ground two, the district court determined the claim should be denied as moot because Mr. Gorbey has already obtained the relief he sought, since his misconduct conviction has been set aside pending a rehearing, and Mr. Gorbey has not shown he will be unable to obtain due process during the rehearing.

this case, the District of Columbia Court of Appeals remanded Mr. Gorbey's case to the trial court.  In doing so, the court stated:

> [W]e will remand this matter to the trial court for a <u>Frendak</u> inquiry. . . . If, after remand, appellant's convictions stand, and if, upon consideration of any information presented upon remand, the court determines that it would have sentenced appellant differently had the information been available at the time of appellant's sentencing on August 15, 2008, the court in its discretion shall vacate appellant's original sentence and resentence him.
>
> . . . .
>
> . . . We remand for a <u>Frendak</u> inquiry and for such further proceedings (possibly including re-sentencing) as the trial court determines are appropriate, consistent with this opinion.  On remand, the trial court shall also vacate one of appellant's CDW convictions, his UA conviction for possession of the .45 caliber round, and all but one of his other UA convictions.

<u>Gorbey v. United States</u>, 54 A.3d 668, 698-99, 707 (D.C. 2012) (citation omitted).

The district court in this case entered judgment dismissing Mr. Gorbey's ineffective assistance of appellate counsel claim on November 18, 2013.  As of that date, the Warden avers that the D.C. trial court had not conducted the <u>Frendak</u> inquiry, nor had it entered an amended judgment and commitment order following the remand.  Mr. Gorbey does not convincingly refute that claim.[6] Thus, Mr. Gorbey's claim of ineffective assistance of counsel was not ripe for

_____

[6]We note that Mr. Gorbey repeatedly claims that he exhausted his ineffectiveness claim by July 30, 2013, the date when there was an order by the D.C. Court of Appeals denying Mr. Gorbey's motion to recall the mandate, which he filed following the D.C. Court of Appeals' remand for, *inter alia*,  the <u>Frendack</u> hearing.  The district court decision denying his habeas petition suggests that was not the dispositive date.  <u>Gorvey</u>, 2014 WL 3512850, at * 2.

review, and he had not exhausted his state remedies. See Lamar v. Zavaras, 430 Fed. Appx. 718, 720 (10th Cir. 2011) (noting that appellant had not exhausted state remedies where appeal after re-sentencing was pending in state court) (citing Daegele v. Crouse, 429 F. 2d 503, 504-05 (10th Cir. 1970) (unpublished)). Even though the D. C. court did subsequently enter an amended judgment, that does not alter the fact that it had not apparently done so prior to the date that the district court in this case entered judgment.

Furthermore, as the Warden points out, as of the date that he filed his appellate response brief in this case, Mr. Gorbey had appealed the D.C. Court's judgment, so he had still not exhausted his state remedies.

Finally, even if the claim was exhausted, the district court's decision must also be affirmed because it does not have jurisdiction over Mr. Gorbey's claim of ineffective assistance of appellate counsel. Since his claim of ineffective assistance of appellate counsel is clearly an attack on his convictions and sentence entered by the D.C. trial court, it must be brought under 28 U.S.C. § 2254, not under 28 U.S.C. § 2241. Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002). Under § 2254, it should be filed in the district in which Mr. Gorbey was convicted and sentenced–i.e., the district court for the District of Columbia. And, that district court (in D.C.) recently rejected **on its merits** Mr. Gorbey's claim that his appellate counsel was ineffective. Gorbey, 2014 WL 3512850.

Appellee has filed a motion to take judicial notice, and that motion has been referred to us. We DENY that motion. We also DENY Mr. Gorbey's motion to proceed on appeal *in forma pauperis* ("*ifp*").

In short, the district court correctly denied Mr. Gorbey's motions and petitions. AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge